IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT S. BONDICK, | Civ. No. 6:20-cv-01728-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| HOMES FOR GOOD HOUSING AGENCY, | |
| Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Robert S. Bondick seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 11. The Court previously granted IFP status but dismissed Plaintiff's original Complaint with leave to amend. ECF No. 7. For the reasons set forth below, Plaintiff's Amended Complaint, ECF No. 8, is DISMISSED without further leave to amend. Final judgment shall be entered accordingly.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

In the Court's previous Order dismissing the original Complaint, the Court noted that the pleadings fell short of the requirement that a complaint provide more than "an unadorned, the defendant-unlawfully-harmed-me accusation." Order, at 3 (quoting *Iqbal*, 556 U.S. at 678). A complaint "must contain sufficient factual matter accepted as true, to state a claim for relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court observed that the original Complaint did not clearly establish federal jurisdiction, either through diversity or federal question jurisdiction. Order, at 4. In the Amended Complaint, ECF No. 8, it appears that Plaintiff is alleging a claim for violation of his rights pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2)

allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Here, Plaintiff alleges that Defendant breached a contract, apparently a housing voucher, in retaliation for Plaintiff's refusal to sign a release related to the settlement of previous litigation between the parties. To the extent that Plaintiff is alleging First Amendment retaliation, he has failed to plead facts in support of that claim, or even to clearly establish the basic facts of his case. For instance, Plaintiff alleges that Defendant caused the housing voucher to expire because Plaintiff did not sign the settlement agreement, but the voucher itself shows that the voucher would expire by its own terms on July 7, 2020, three months before Plaintiff commenced this action. Am. Compl. Ex. 2. How Defendants allegedly breached this contract, or if some other contract is at issue, is left unexplained.

As the Court observed in its prior Order, the referenced settlement appears to be related to *Bondick v. Khalsa et al.*, Case No. 6:18-02122-MK. In that case, Plaintiff unsuccessfully attempted to have the final judgment set aside after Plaintiff "refused to consummate the settlement he and his then attorney agreed to at the settlement conference because he later felt that the amount agreed to was not enough compensation." Opinion and Order at 5, ECF No. 87 in Case No. 6:18-02122-MK. Plaintiff has also unsuccessfully pursued an appeal in that case.

Here, Plaintiff's Amended Complaint alleges that Defendant breached a contract to reinstate Plaintiff's housing "in retaliation because Plaintiff refused to release the allegations from a previous law suit filed against them." Am. Compl. 1.

As the Court observed in its prior Order, "[i]t seems that plaintiff is asking this Court to either enforce that settlement or impose damages for breach," and "[i]t is likely that his claim in this case is precluded by that previous litigation." Order at 5. This collateral attempt to challenge the judgment in Case No. 6:18-02122-MK, or to seek recission or modification of the settlement agreement in that case is, as the Court previously informed Plaintiff, barred by preclusion.

The Court therefore DISMISSES Plaintiff's Amended Complaint for failure to state a claim. Plaintiff has previously been given leave to amend with guidance from the Court and this guidance has not resulted in a complaint that meets federal pleading standards. It appears that allowing amendment would be futile and dismissal shall therefore be without further leave to amend.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 8, is DISMISSED without leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___14th___ day of June 2022.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge